■ In the Matter of GEORGE DIGIOVANNI, Petitioner, v HOWARD SAFIR, as Police Commissioner of the City of New York, et al., Respondents. [715 NYS2d 312] —Determination of respondent Commissioner dated November 13, 1998, which, after an administrative hearing, dismissed petitioner from his employment as a New York City police officer, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Leland DeGrasse, J.], entered July 13, 1999), dismissed, without costs.

Substantial evidence (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 180), including the testimony of an undercover police officer and her supervisor to the effect that petitioner approached the decoy and proposed oral sex for a fee, supports respondents' determination that petitioner was guilty of soliciting sex for money from a person believed by him to be a prostitute. Given the gravity of the offense and petitioner's prior disciplinary history, the penalty imposed does not shock our conscience. Concur—Sullivan, P. J., Rosenberger, Williams, Ellerin and Buckley, JJ.

■ NEWMARK POSNER & MITCHELL INC., Appellant, v SWIFT & WATSON REALTY INC., Respondent. [715 NYS2d 313] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered on or about June 7, 2000, which, in an action for breach of contract, denied plaintiff's motion for a default judgment, unanimously affirmed, without costs.

The motion was properly denied upon claims of nonperformance, sufficiently demonstrating a meritorious defense. The delay in the corporate defendant's appearance by an attorney was minimal and plaintiff failed to show any prejudice attributable to defendant's original, and timely, *pro se* appearance (*see, Johnson v Scores Entertainment*, 268 AD2d 306, citing *Munoz v Quarex, Inc.*, 236 AD2d 595). Concur—Sullivan, P. J., Rosenberger, Williams, Ellerin and Buckley, JJ.